**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DARYLL L. WELLS, #K0601**                                             **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 5:05cv170DCB-JCS**

**DOLAN WALLER, et al.**                                          **DEFENDANTS**

**OPINION AND ORDER**

On September 7, 2005, the plaintiff, an inmate of the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On September 12, 2005, two orders were entered in this case. One order directed the plaintiff to file a completed *in forma pauperis* application, within thirty days. The other order directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order of September 12, 2005 [document number 3-1], page 5.

The envelope containing both of the September 12, 2005 orders was returned by the postal service with the notation "undeliverable." The plaintiff failed to comply with the Court's orders

of September 12, 2005, and it appears he has failed to keep this Court informed of his current address.

The plaintiff was warned in the both of the September 12, 2005 orders that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the orders may lead to the dismissal of this case.

On November 10, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the September 12, 2005 orders.  The plaintiff was warned in the November 10, 2005 order that if he did not comply with the Court orders his case would be dismissed without prejudice and without further notice to him.

The envelope containing the November 10, 2005 order was returned by the postal service with the notation "undeliverable."  The plaintiff has failed to comply with the Court's orders of September 12, 2005 and November 10, 2005.  It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra,

370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   9th   day of  January, 2006.


                                              s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE